# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HERNANDEZ MANUEL AYALA,

    Plaintiff,

    v.                                               Case No. 08-C-971

POLICE OFFICER RICHARD TICCIONI,
and POLICE OFFICER DOUGLAS E. ANDERER,

    Defendants.

## DECISION AND ORDER
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Hernandez Manuel Ayala, who is incarcerated at Jackson Correctional Institution (JCI), filed this pro se civil rights complaint under 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis. He claims that the defendants, City of Milwaukee Police Officers Richard Ticcioni and Douglas Anderer, violated his Fourth Amendment rights by using excessive force to arrest him. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). The plaintiff has filed a motion for summary judgment, which is briefed and will be addressed herein.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c)(2); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248.

The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587 (1986), Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992). The party with the ultimate burden of proof at trial retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324. Defeating summary judgment requires more than just a "swearing match"; rather, the nonmoving party must present some evidence that a genuine issue of material fact exists. Wade, 969 F.2d at 245. Nonetheless, matters of credibility are not subject to resolution upon summary judgment. Wilson v. Williams, 997 F.2d 348, 350 (7th Cir. 1993).

## **Relevant Facts**[1]

On June 16, 2008, Milwaukee Police Officers Richard Ticconi and Douglas Anderer were dispatched twice to 3042 N. Palmer Street for a domestic violence call, and arrested

---

[1] As discussed below, many of the relevant facts are disputed. The plaintiff's version of events is presented in his verified complaint. (Complaint). The plaintiff also filed a document captioned as "Proposed Findings of Fact" (Doc. # 45), but that document discusses perceived inconsistencies in the defendants' version of events and is not a statement of proposed material facts "consisting of short numbered paragraphs" as required by Eastern District of Wisconsin Civil Local Rule 56(b)(1)(C). The defendants' affidavits present their version of events, which differs substantially from the plaintiff's account.

the plaintiff on their second visit. According to the plaintiff, he was opening the apartment's back door to throw some food out, when defendant Ticconi opened the screen door, threw him to the floor, and placed his knee in his back. (Complaint, at 4). Defendant Anderer then entered the apartment through the front door and started kicking the plaintiff, and "continued to kick and stomp" him while he was on the kitchen floor with defendant Ticconi on top of him, although the plaintiff was not resisting. Id. Defendant Ticconi then handcuffed the plaintiff's hands behind his back and escorted him out of the apartment, and defendant Anderer struck the plaintiff three times with a metal flashlight. Id.

According to the defendants, defendant Ticcioni encountered the plaintiff attempting to run out the back door onto the fire escape. (Affidavit of Richard Ticcioni [Ticcioni Aff.] at ¶ 13). The plaintiff refused to comply with an order to put his hands behind his back and took a "fighting stance." (Ticcioni Aff. ¶¶ 14-15; see also Affidavit of Douglas E. Anderer [Anderer Aff.] at ¶ 16). The defendants then "took control of [the plaintiff] by employing the 'pull-in/push down' technique to decentralize [the plaintiff] to the kitchen floor." (Ticcioni Aff. at ¶¶ 17, 19; Anderer Aff. at ¶ 17). Defendant Anderer delivered focused strikes to the plaintiff's abdomen and chest as he assisted defendant Ticconi in gaining control of the plaintiff, who struggled on the floor and resisted their commands. (Ticconi Aff. ¶¶ 18-22; Anderer Aff. ¶¶ 18-21). Defendant Ticconi had to forcibly place the plaintiff's hands behind his back in order to handcuff him and both defendants placed him in the back of the patrol squad. (Ticconi Aff. ¶¶ 23-24; Anderer Aff. ¶¶ 20, 24). The plaintiff pulled his handcuffed hands to the front of his body and attempted to flee. (Anderer Aff. ¶¶ 27-31). In an attempt to gain control of the plaintiff and prevent him from fleeing, defendant Anderer delivered five focused strikes with his closed fist to the plaintiff's abdomen and chest. Id.

at ¶ 32. Defendant Anderer did not kick or use a flashlight against the plaintiff. Id. at ¶ 38.

## Analysis

In seeking summary judgment, the plaintiff asserts that it is undisputed that Officer Anderer intentionally beat him, while Officer Ticconi kept silent. In response, the defendants contend that summary judgment should be denied because significant factual disputes exist regarding the reasonableness of their use of force. The plaintiff did not file a reply brief.

Whether a police officer used excessive force in arresting, stopping, or seizing a person is evaluated under the Fourth Amendment's "reasonableness" standard, and the "officer's use of force is unreasonable from a constitutional point of view only if, 'judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest.'" Gonzalez v. City of Elgin, 678 F.3d 526, 539 (7th Cir. 2009) (quoting Lester v. City of Chicago, 830 F.2d 706, 713 (7th Cir 1987). The facts and circumstances must be evaluated, "'including the severity of the crime at issue, whether the suspect causes an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). This "factual inquiry into an excessive force claim 'nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom . . . .'" Id. (quoting Abdullahi v. City of Madison, 423 F.3d 763, 768 [7th Cir. 2005]).

In this case, a trial is required because the parties dispute the type of force used and whether the plaintiff resisted arrest or attempted to flee. These are material facts in determining whether the defendants' use of force was reasonable and they can only be

- 4 -

determined by weighing the credibility of the parties and of any other witnesses who may testify at trial. Therefore, the plaintiff's motion for summary judgment will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket # 43) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 13th day of July, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge