# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HERNANDEZ MANUEL AYALA,

    Plaintiff,

    v.                                                          Case No. 08-C-971

POLICE OFFICER RICHARD TICCIONI,
and POLICE OFFICER DOUGLAS E. ANDERER,

    Defendants.

## DECISION AND ORDER REGARDING MOTIONS IN LIMINE

On August 3, 2011, at the final pretrial conference, the court heard argument on motions in limine filed by the parties, made preliminary rulings, and permitted additional briefing on two issues: whether the plaintiff may proceed on a due process claim derived from alleged false testimony at his revocation hearing, and whether the plaintiff may introduce evidence related to the Milwaukee Police Department's investigation of defendant Anderer's use of force against the plaintiff. This order summarizes the court's preliminary rulings on the motions in limine, prohibits the plaintiff from proceeding in this case upon a due process claim related to alleged false testimony at his revocation hearing, and limits the evidence that may be introduced regarding the police investigation of defendant Anderer's use of force.

**Preliminary Rulings on Plaintiff's Motions In Limine**

*1. To preclude any evidence of or reference to the plaintiff's criminal history or arrests unrelated to the June 16, 2008 incident.*

Granted in part and denied in part, the parties agree that the plaintiff has one felony conviction that may be used as impeachment evidence under Federal Rule of Evidence 609. The substance of that conviction can not be discussed, nor any other aspect of the plaintiff's criminal history.

*2. To permit evidence of the Milwaukee Police Department's investigation and response concerning Officer Anderer's conduct during the plaintiff's arrest on June 16, 2008.*

Granted in part and denied in part, as discussed below.

*3. To preclude any evidence or reference to various hearsay statements.*

Such statements will be evaluated on a case-by-case basis at trial. Certain statements made to police dispatchers or police officers, for example, may be admissible, not for the truth of the matter, but to explain why the police officers responded to the location and arrested the plaintiff. Whether or not factually correct, information known by the officers at the time of the arrest likely is relevant to a determination of the reasonableness of their conduct.

*4. To preclude reference to any professional awards, honors, or commendations received by the defendants.*

Granted, as the parties agree that such evidence would not be relevant.

**Preliminary Rulings on Defendants' Motions in Limine**

*1. To preclude any mention of any other complaints or disciplinary actions taken against the defendants.*

Granted. Such evidence would not be relevant.

*2. To preclude any mention of the internal post-arrest investigation.*

Granted in part and denied in part, as discussed below.

*3. To preclude reference to use-of-force situations involving other law enforcement officers, such as the Rodney King and Frank Jude matters.*

Granted. The parties agree that such evidence would not be relevant.

*4. To preclude suggestion that any police department policy, rule, practice or custom regarding use-of-force, effecting arrest, handcuffing arrestees, seat-belting arrestees, or transporting prisoners is itself unlawful or otherwise improper.*

Granted. The parties agree that there is no policy claim under Monell v. Dept. Social Services of City of New York, 436 U.S. 658 (1978).

*5. To preclude suggestion that the defendants violated police department policy, rule, practice or custom regarding use-of-force, effecting arrest, handcuffing arrestees, seat-belting arrestees, or transporting prisoners.*

Granted in part and denied in part. The police department's internal policies and rules are not relevant to determining whether the defendants' conduct was constitutionally unreasonable.

*6. To preclude suggestion that the police department's hiring, supervision or training of its personnel is unlawful or otherwise improper.*

Granted, because no Monell policy claim is presented here.

*7. To preclude suggestion that the arrest of the plaintiff itself was unlawful.*

Granted.  the parties agree that the contested issue is whether the force used was reasonable, not whether there were proper grounds to arrest the plaintiff.

*8. Any suggestion that the defendants engaged in a conspiracy to cover up their actions.*

Granted in part and denied in part.  The plaintiff does not assert a legal claim of conspiracy or cover-up.

## False Testimony Due Process Claim

The Supreme Court has repeatedly held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original) (discussing Preiser v. Rodriguez, 411 U.S. 475 [1973]; Heck v. Humphrey, 512 U.S. 477 [1994]; and Edwards v. Balisok, 520 U.S. 641 [1997]).  At the August 3, 2011 hearing, the court indicated that this line of cases would bar the plaintiff from proceeding on a due process claim related to the defendants' allegedly false testimony at his revocation hearing because such a claim would call into question the validity of his parole revocation.  The court invited further briefing on this issue, which has been completed and reviewed.

The plaintiff contends in his brief that Heck does not bar his false testimony claim because he will be released from prison prior to trial.  According to the plaintiff, five Supreme Court Justices agreed in Spencer v. Kemma, 523 U.S. 1 (1998), that a freed prisoner may assert a § 1983 claim arising from parole revocation.  The defendants

respond that Heck still bars the plaintiff's claim, despite the Spencer decision, because he did not initiate a federal habeas claim or otherwise invalidate the revocation decision.

The Spencer decision held that a habeas case brought by a petitioner serving a revocation sentence became moot once the petitioner was released from prison because he failed to demonstrate any continuing collateral consequences from the parole revocation. In the concurring and dissenting opinions in Spencer, Justices Souter, O'Connor, Ginsberg, Breyer, and Stevens took the position, in dicta, that Heck would not bar a plaintiff from bringing a § 1983 action after he was released from custody and unable to obtain a decision on his mooted habeas petition. Subsequent to its decision in Spencer, the Court noted:

> Members of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the Heck requirement. See Heck v. Humphrey, 512 U.S. 477, 491 (1994) (SOUTER, J., concurring in judgment); Spencer v . Kemna, 523 U.S. 1, 21-22, (1998) (GINSBURG, J., concurring). This case is no occasion to settle the issue.

Muhammad v. Close, 540 U.S. 749, 752 (2004). Lower courts may not base their decisions on speculation about whether Supreme Court precedent remains vital. "[W]e do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent. . . . [They] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 237 (1997) (internal quotation omitted). Accordingly, this court finds that the decision in Heck bars the plaintiff from proceeding in this case upon a § 1983 claim demonstrating the invalidity of his parole revocation because he has not obtained a federal habeas or state court ruling invalidating the parole revocation.

**Evidence of Subsequent Departmental Investigation and Recommendations**

The plaintiff wants to present evidence that the Milwaukee Police Department investigated the defendants' conduct and recommended that defendant Anderer receive additional training regarding several aspects of the proper use of force. According to the plaintiff, this evidence is relevant and admissible as a public record. The plaintiff cites Combs v. Wilkinson, 315 F. 3d 548 (6th Cir 2002), in which a district court, without explanation, struck a use of force report and its recommendations. In reversing and remanding, the Court of Appeals for the Sixth Circuit wrote that "the report sets forth the use of force committee's findings and recommendations following the committee's investigation of the use of force during the DR-4 disturbance and is therefore relevant to plaintiffs' claims of excessive force." Id. at 555. Accordingly, the court held that the report was admissible as a public record under Rule 803. Id. Citing Thompson v. City of Chicago, 472 F.3d 444 (7th Cir. 2006), the defendants counter that the investigation and recommendations simply show the police department's attempts to promote "best practices" and would be unfairly prejudicial to the defendants and confusing to the jury.

Federal Rule of Evidence 403 authorizes exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or if the evidence is needlessly cumulative or would cause undue delay. In Thompson, the court upheld, as confusing and prejudicial, the exclusion of expert testimony by police inspectors regarding whether officers violated the Fourth Amendment by using excessive force. The court stated that "[t]he jury, after having heard all of the evidence presented, was in as good a position as the experts to judge whether the force used by the officers to subdue [the plaintiff] was objectively

reasonable. . . ." 472 F.3d at 458. The court also upheld the exclusion of a police department's use of force policy, stating that "'whether [the officer's] conduct was either good police practice or a violation of Illinois law' was immaterial to whether he violated the Fourth Amendment." Id. at 455 (quoting Scott v.Edinburg, 346 F.3d 752, 760 [7th Cir 2003]).

In this case, the Milwaukee Police Department recommended further training for defendant Anderer on the use of force after its review of the defendants' actions. Admission of the department's recommendation would be unduly prejudicial and would likely confuse the issue and mislead the jury. The jury may be quick to leap to the conclusion that a recommendation for retraining indicates that defendant Anderer acted improperly and infer that police supervisors believe defendant Anderer violated the plaintiff's constitutional rights. However, a police officer's deviation from his department's rules or its goals for best professional practices does not necessarily indicate a constitutional violation, and a limiting jury instruction to that effect would likely contribute "to unnecessary and detrimental jury confusion." Id. at 457. Accordingly, the plaintiff will not be permitted to introduce evidence regarding the police department's decision to investigate or retrain Officer Anderer.

Now, therefore, **IT IS HEREBY ORDERED** that the plaintiff may proceed to trial only on an excessive force claim, not on a false testimony due process claim.

**IT IS FURTHER ORDERED** that the plaintiff may not introduce evidence regarding the police department's investigation of defendant Anderer's use of force.

**FINALLY IT IS ORDERED** that all other decisions on the motions in limine described in this order are by nature preliminary and subject to revision if appropriate offers of proof and/or objections are made at trial.

Dated at Milwaukee, Wisconsin this 17th day of August, 2011.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge